UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
        :
**CREGORY COLE,**
        :
        Plaintiff,
        :  **MEMORANDUM AND ORDER**

– against –        :  23-CV-3487 (AMD) (ST)
        :
**NASSAU COUNTY POLICE DEPARTMENT,**
**NASSAU COUNTY DISTRICT ATTORNEY,**  :
        :
        Defendants.
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      On May 3, 2023, the *pro se* plaintiff, who is incarcerated at the Nassau County Correctional Facility, filed a complaint bringing claims pursuant to 42 U.S.C. § 1983 against the Nassau County Police Department and the Nassau County District Attorney. (ECF No. 1.) The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the plaintiff's complaint is dismissed.

## BACKGROUND

      The plaintiff alleges that he called the Nassau County police on March 10, 2023, "to increase the peace at [his] home." (ECF No. 1 at 3.) The plaintiff filed "a claim [over] threats" that he was allegedly receiving from tenants, but the Nassau County police did not investigate his claim. (*Id.* at 4.) The plaintiff also states that he was "kidnap[ped] for bail ransom." (*Id.* at 4.) The plaintiff seeks $100 million. (*Id.* at 5.)

## STANDARD OF REVIEW

      To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of claim against each defendant named so that the defendants have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Because the plaintiff is proceeding *pro se*, I construe his amended complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The plaintiff's claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if

the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

## DISCUSSION

Read liberally, I construe the complaint to raise arguments under § 1983. Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

### I.     The Nassau County Police Department

The Nassau County Police Department cannot be sued because it is an administrative arm of a municipality and has no legal identity separate from the municipality. *See, e.g.*, *Henry v. County of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (finding that the Nassau County Police Department is a non-suable agency of Nassau County). For this reason, the plaintiff's claim against the Nassau County Police Department must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**II.     The Nassau County District Attorney**

Although he names the Nassau County District Attorney, the plaintiff does not make any factual allegations about what the District Attorney did to violate his rights. "It is well-settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). The plaintiff does not allege that the Nassau County District Attorney had any personal involvement in any of the alleged violations asserted in the complaint. *See, e.g.*, *Haddock v. Nassau D.A.'s Off.*, No. 22-CV-6161, 2023 WL 3231489, at *2 (E.D.N.Y. May 3, 2023). Accordingly, the plaintiff's claim against the Nassau County District Attorney is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

The plaintiff's complaint, filed *in forma pauperis*, is dismissed against the Nassau County Police Department and the Nassau County District Attorney pursuant to 28 U.S.C. § 1915A(b)(1).

Because the plaintiff is proceeding *pro se*, the Court grants him 30 days from the date of this Order to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). Any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting the plaintiff's claims. In addition, he must allege facts that would support a Section 1983 claim and identify the defendants who personally violated his constitutional rights. If the plaintiff does not know the name of the individual defendants, he may identify them as John or Jane Doe and provide

4

descriptive information about them and their places of employment so that they may be identified.  The plaintiff must also provide the dates and locations for each relevant event.

An amended complaint completely replaces the original complaint.  The amended complaint must be captioned as "Amended Complaint" and bear the same docket number "23-CV-3487 (AMD) (ST)".  If the plaintiff does not comply with this Order within 30 days or does not cure the deficiencies discussed herein, the action will be dismissed.  The Clerk of Court is respectfully requested to provide the plaintiff with a complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**
　　　　　　　　　　　　　　　　　　　　　　　　s/Ann M. Donnelly

　　　　　　　　　　　　　　　　　　　　　　　　ANN M. DONNELLY
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  Brooklyn, New York
　　　　July 10, 2023

5